Ricardo Mejia **SORIANO**, Petitioner,

v.

Loretta E. **LYNCH**, Attorney General, Respondent.

No. 15-73738

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed December 20, 2016

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Richard Miyamoto, Attorney, Phung, Miyamoto & Diaz, LLP, Los Angeles, CA, for Petitioner

Janette L. Allen, Esquire, Trial Attorney, OIL, Anthony Cardozo Payne, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Ricardo Mejia Soriano, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Mejia Soriano's motion to reopen as untimely where the motion was filed over eleven months after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Mejia Soriano failed to demonstrate material changed circumstances in El Salvador to qualify for a regulatory exception to the time limitations for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 991–92 (evidence must be "qualitatively different" to warrant reopening).

*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

We lack jurisdiction to review the BIA's discretionary decision not to reopen proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). We also lack jurisdiction to consider Mejia Soriano's contentions challenging the BIA's October 15, 2014, order because Mejia Soriano did not petition for review of that order. *See Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**